**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

June 17, 2026

Michael A. Barlow, Esquire
Shannon M. Doughty, Esquire
Quinn Emanuel Urquhart
   & Sullivan, LLP
500 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801

Blake Rohrbacher, Esquire
Kevin M. Gallagher, Esquire
Andrew L. Milam, Esquire
Saralynn G. Davis, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801

RE:   *Forian Holdings LLC, et al. v. Symphony Health Solutions Corp., et al.*, C.A. No. 2026-0686-LWW

Dear Counsel:

I write regarding your submissions on the appropriate amount of a bond in accordance with my June 2, 2026 bench ruling and subsequent Status Quo Order.[1] The Status Quo Order preserves the status quo by requiring the defendants to maintain the historical supply of commercial data to Forian Holdings LLC pending a preliminary injunction hearing.

---

[1] *See* Joint Letter Regarding Bond Amount (Dkt. 27) ("Letter") 1; Status Quo Order (Dkt. 16).

The defendants request a bond of $10 million.[2] This figure is based on estimates of downstream customer attrition that might occur if certain data suppliers object to providing further data to Symphony Health Solutions Corp. The plaintiffs, for their part, submit that a bond of no more than $437,000 is appropriate.[3] This figure corresponds to two months of fees owed to the defendants under the operative contracts and aligns with the parties' bargained-for limitation of liability in Section 9.4 of the Master Services Agreement.[4]

"Because actual damages are uncertain, and because a wrongfully enjoined party has no recourse other than the security, the court should 'err on the high side' in setting the bond."[5] If the bond is too high, the plaintiffs will ultimately recover the excess. But if the bond is too low and the Status Quo Order is later deemed improvidently issued, the defendants may suffer losses.[6]

---

[2] *See* Letter at 8.

[3] *See id.* at 4.

[4] *See id.* at 4-5.

[5] *Guzzetta v. Serv. Corp. of Westover Hills*, 7 A.3d 467, 470 (Del. 2010).

[6] *See Leon v. Orlando*, 2024 WL 2862452, at *2 (Del. Ch. June 5, 2024); *see also Steward Health Care Sys. LLC v. Tenet Bus. Servs. Corp.*, 2022 WL 3025587, at *6 (Del. Ch. Aug. 1, 2022).

That said, a bond cannot be predicated on speculative harm.[7]  At the June 2 hearing, I directed the defendants to provide evidence, such as upstream penalty provisions or actual costs, to justify their $10 million calculation.  The defendants have failed to do so, relying instead on hypotheticals about how third-party suppliers might react and the ensuing downstream consequences.

The $437,000 figure advanced by the plaintiffs, by contrast, appropriately provides security in accordance with the economic realities of the parties' commercial relationship.[8]  It relies on metrics contemplated by the operative agreements rather than estimates of potential, indirect harm.  The plaintiffs must post a bond in this amount within three business days of this letter.  If necessary, I will take up whether a larger bond is warranted at the preliminary injunction hearing.

IT IS SO ORDERED.

Sincerely yours,

*Lori W. Will*

Lori W. Will
Vice Chancellor

---

[7] *See Comcast Cable Commc'ns Mgmt., LLC v. CX 360, Inc.*, 2025 WL 79953, at *2 (Del. Ch. Jan. 13, 2025).

[8] *See* Status Quo Order, *Health Intel. Co. v. Komodo Health, Inc.*, C.A. No. 2024-0702-LWW (Del. Ch. Aug. 5, 2024).